# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
2:38 pm, Jul 06, 2022
**JEFFREY P. COLWELL, CLERK**

Thomas Hayner, Plaintiff

v.

City and County of Denver,
City of Boulder,
County of Boulder,
State of Colorado,
Judge Lewis T Babcock,
Federal Bureau of Investigation,
NBC 9 News,
Tegna Inc,
Other parties, Defendant(s).

---

# COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.	**PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Thomas Hayner
4830 Pearl St.
Boulder, CO 80301
   (Name and complete mailing address)

(303) 900-8998	thom.hayner@gmail.com
   (Telephone number and e-mail address)

B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   City and County of Denver, 201 W. Colfax, Denver, Colorado, 80202
   (Name and complete mailing address)

   _____
   (Telephone number and e-mail address if known)

Defendant 2:   City of Boulder, 1777 6th St, Boulder, Colorado, 80302
   (Name and complete mailing address)

   _____
   (Telephone number and e-mail address if known)

Defendant 3:   County of Boulder, 1325 Pearl Street, Boulder, Colorado, 80302
   (Name and complete mailing address)

   _____
   (Telephone number and e-mail address if known)

Defendant 4:   State of Colorado, 1300 Broadway, Denver, Colorado, 80203
   (Name and complete mailing address)

   _____
   (Telephone number and e-mail address if known)

Defendant 5:   Judge Lewis T Babcock, 901 19th St, Denver, CO 80294
   (Name and complete mailing address)

   _____
   (Telephone number and e-mail address if known)

Defendant 6:   Federal Bureau of Investigation, 8000 E 36th Ave, Denver, CO 80238
   (Name and complete mailing address)

   _____

(Telephone number and e-mail address if known)

Defendant 7:   NBC 9 News, 500 East Speer Blvd, Denver, Colorado, 80203
        (Name and complete mailing address)

        _____
        (Telephone number and e-mail address if known)

Defendant 8:   Tegna Inc, 8350 Broad Street, Suite 200, Tysons, VA 22102
        (Name and complete mailing address)

        _____
        (Telephone number and e-mail address if known)

Defendant 9:   Other involved parties, unknown
        (Name and complete mailing address)

        _____
        (Telephone number and e-mail address if known)

**C.    JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 USC Section 1983
Civil Rights Act 1871
Fair Housing Act
Civil Rights Act 1968
Federal Tort Claims Act
Restatement of Torts
Invasion of Privacy
False Light
Harassment
Trespass
Unreasonable Intrusion Upon Seclusion
Appropriation of Name or Likeness
Common Law Tort for Interfering with the right to vote or hold office
1st Amendment to the US Constitution
2nd Amendment to the US Constitution
4th Amendment to the US Constitution
5th Amendment to the US Constitution
6th Amendment to the US Constitution
7th Amendment to the US Constitution
8th Amendment to the US Constitution
14th Amendment to the US Constitution
Other Federal Statutes, Treaties, and/or Provisional Jurisdictions


__X__   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 8 is an individual, Defendant 8 is a citizen of Virginia.

If Defendant 8 is a corporation,

Defendant 8 is incorporated under the laws of Delaware.

Defendant 8 has its principal place of business in Virginia.

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant*.)

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  Malicious Abuse of Process

    Supporting facts:

    Plaintiff submitted a previous complaint against similar defendants in 2018. At the time Plaintiff was falsely incarcerated in the CDOC and did not have sufficient access to information, counsel, evidence or legitimate process. Plaintiffs complaint was complex, required discovery, required more than 30 pages, required Plaintiff to be able to find addresses of defendants and required other things which Plaintiff's illegal incarceration made impossible. Judge Babcock dismissed that complaint without affording Plaintiff access to assistance or legitimate process.

    The complaint should have been allowed for a variety of reasons, including that one of the defendants in the defamation claim was located in Virginia and interstate jurisdiction of Federal courts should have applied (Plaintiff only learned that they are actually located in Virginia when preparing this current complaint). Plaintiff's other claims required a short format due to their complexity, document formatting rules, a long list of defendants taking up most of the 30 pages, constant movement by prison officials limiting access to law library, direct retaliation by law library officials, and other factors. The failure to allow discovery was an error, as some items that went missing from discovery during those false prosecutions was used to defame and invade the privacy of Plaintiff in 2021. Although they disappeared when Plaintiff informed Siddhartha Rathod, Plaintiff's former defense counsel, of issues with certain photographs and how they could be potentially exculpatory, they do in fact still exist. This also means that Plaintiffs other defense counsel, Wadi Muhaisen, withheld the same photographs as well.

    Additionally, Babcock told plaintiff to seek Habeas Corpus, which required state remedies to be exhausted. Plaintiff also attempted a state Habeas and a Rule 34 motion. The rule 34 motion was wrongfully delayed until after appeals (and appeals was being delayed repeatedly by the state, which had previously been a threat by the state as noted in Plaintiff's previous federal complaint, to delay any meaningful hearings and continue illegally detaining Plaintiff as an illegal cruel and unusual punishment) in opposition to the plain language of the statute. The

Habeas petition was illegally delayed in violation of Colorado law, then Plaintiff was granted emergency early parole (the parole board stated at the time that they saw no evidence of any felony wrongdoing by Plaintiff and that Plaintiff never should have been convicted or sentenced to prison), then after receiving parole the state Habeas was dismissed due to plaintiff no longer being in prison, and a federal habeas was no longer a remedy due to plaintiff no longer being in prison.

Plaintiff then faced further false prosecution in 2020 and attempted state Habeas again for those charges. However, a state judge and court clerk altered legal filings, committed document fraud of court records, abused process to delay state habeas, and eventually illegally denied plaintiff access to the privelidge of habeas corpus in November 2020. Plaintiff then tried federal habeas but did not have access to law library or copies and could not provide a copy of his claims. Babcock did have a copy of Plaintiff's claims in Plaintiff's original Habeas petition with the USDC and Babcock was aware that Plaintiff did not have access to copies yet Babcock claimed that he did not know what the claims were. Plaintiff was eventually released and Habeas no longer had effect.

CLAIM TWO:  Judicial Misconduct

Supporting facts:

On 14th October, 2020, Plaintiff filed a habeas corpus petition in Boulder County Court. Colorado law requires the petition to be reviewed within 3 days and held for hearing within an additional 3 days or denied. Instead of reviewing the habeas petition, court clerks altered the petition to render it unreadable and the petition was filed as a motion in an existing case which did not match the case caption on the petition. The court record has three copies of the petition, the perfectly readable original and two tampered/altered versions, all three of which differ from all others, showing document tampering. Two of the documents also contain a timestamp which is not present in the court record, showing document tampering and destruction of court documents. The judge also tried to blame the mistake on Plaintiff, saying that Plaintiff put the wrong case number on the document, however, Plaintiff left the case number blank as the caption did not match any open case and the document was intended to be an initial petition to a new proceeding with a new case number.

Later the case was held over for trial, but during pretrial proceeding in June 2021, Plaintiff made Judge aware of an obvious and provable lie by a witness for the prosecution. The judge ignored that it was a lie and later knowingly allowed the witness to commit perjury during trial.

CLAIM THREE:  Prosecutorial Misconduct

Supporting facts:

During pretrial proceeding, August 2021, Plaintiff made DA aware of an obvious and provable lie by a witness for the prosecution. The DA ignored that it was a lie and later knowingly allowed the witness to commit perjury during trial.


CLAIM FOUR:  Defamation and False Light Invasion of Privacy and Trespassing and Housing and Harassment

Supporting facts:

In March 2021, photographs from a discovery in a Denver criminal proceeding, were used to defame and invade the privacy of Plaintiff. The photographs were used to knowingly falsely accuse Plaintiff of a heinous crime. Plaintiffs name was broadcast publicly over the police scanner by police at the same time. The photographs and discovery were not ever made public and were in fact withheld not only from the public but also withheld from Plaintiff when Plaintiff was a defendant in that discovery's criminal proceedings.

The photographs appeared online along with the false accusations while a SWAT team was attempting to falsely arrest Plaintiff. The actual suspect in that crime was already in custody and the police were aware that Plaintiff had nothing to do with the incident.

The police had also told lies about Plaintiffs whereabouts at the time of the incident, claiming that 911 had received a text message from Plaintiff that said Plaintiff was about to begin the criminal event and that it had been traced back to Plaintiffs phone and that it had been geotagged within 50 meters of the location where the incident took place. The incident had in fact been over for more than 20 minutes before any contact was made between the police and Plaintiff. There were no text messages sent and Plaintiff was 4000 meters away from the location where the incident took place. Police were waiting outside of the location of the incident and refusing to go inside and provide medical assistance to injured parties (thus the police were effectively conspiring with a mass shooter to murder innocent civilians) for 40 minutes after the incident had ended, and the police were receiving contacts from numerous community members telling them to go inside, including Plaintiff, during those 40 minutes. 70 minutes after the incident had ended, the police singled out Plaintiff and retaliated against Plaintiff by invading his privacy and defaming him. 100 minutes after the incident was over police sent a SWAT team to Plaintiff's house in an attempt to falsely arrest Plaintiff and their conspirators began posting the false information online.

Another cop, possibly a Larimer County Sheriffs Deputy (but discovery will be necessary to determine exactly who) also went and posted on a firearms forum. That other cop posted a link to Plaintiff's work related social media and that other cop said that they had used (abused) their CICS/NICS access as a cop to find information about Plaintiff for the purpose of using that information to make disparaging comments about Plaintiff online.

After the SWAT team failed, for the second time that day, and left Plaintiffs home, NBC / Tegna reporters trespassed on Plaintiff's private property. After the reporters were told to leave and refused to do so, they began approaching Plaintiff's neighbors and spreading false stories to Plaintiff's neighbors. They also encouraged Plaintiff's neighbors to file false police reports and false complaints against Plaintiff with the property's HOA.

Later that day, a person believed to be a Denver DA continued posting additional pictures from that discovery well into the night/overnight. At one point, early the following morning, 23rd March, 2021, they posted a non-public photograph along with Plaintiff's name and additional false accusations. A random concerned citizen in Australia called them out on their bullshit and then the poster (Denver DA) was dumb enough to start posting a description of their self (which matches a Denver DA investigator), post anti-semitic statements, post white supremacist statements, and post a description of the actual suspect (the actual suspects description had not yet been publicly released and would only have been available to cops for another 8 hours) including the age and ethnicity of the suspect in custody.

In the months following that event, the HOA said that they received complaints from Plaintiff's neighbor, Jeanette Veldman (who is the only one of 13 neighbors to hold a government security clearance and also the only one gullible enough to fall for the false information and use it to falsely retaliate, other neighbors apologized for the abhorrent behavior of the local police and the media, Veldman's security clearance should be revoked), and the HOA told Plaintiff's landlord that the landlord had to cancel Plaintiff's lease and kick Plaintiff out, in violation of federal housing act laws. Plaintiff's landlord refused and notified Plaintiff that if there was any further harassment by Veldman or the HOA to report it to the landlord.

Veldman continued to harass Plaintiff for 8 months, causing noise disturbances as loud as 75 dB (measured with an ANSI certified dB meter from inside Plaintiff's home) at all hours of the day, throwing food waste and trash at Plaintiff, throwing animal waste from Veldman's pet rodent at Plaintiff (rodent waste is known to the State of Colorado to be a vector of Bubonic Plague, Hantavirus aka Southwest Respiratory Disorder aka Navajo Flu, and other disease, thus the deliberate retaliatory exposure of another to rodent animal waste is a biological attack, which the police refused to investigate and allowed to continue), and causing Plaintiff's home to flood with water through the ceiling.

CLAIM FIVE:  Malicious abuse of process, Retaliation

Supporting facts:

In March 2020, CO Attorney regulation counsel retaliated against complaints by Plaintiff. ARC refused to allow complaints, then told Plaintiff's parole officer to threaten Plaintiff against making any more complaints.

In January 2021, ARC eventually took the complaints, then wrongly dismissed them.

ARC then hid a complaint against ARC members for wrongly dismissing complaints for 9 months. During those 9 months, they lied to Plaintiff, gaslit plaintiff, denied that the complaint existed, and would laugh at and hang up on plaintiff when he called. Finally Plaintiff got through to someone who didn't just laugh and abuse and hang up, and Plaintiff's explained that he had a record of receipt by the ARC of the complaint in question. That caused the one employee at the ARC office with a modicum of responsibility and adherence to process to investigate, and it was discovered that the complaint had in fact been received but had been hidden by ARC administrators. Plaintiff then received a response from a Mr. Stark saying that all complaints were to be reopened.

However, the ARC refused to take those complaints for an additional 4 months. Plaintiff had to contact the CO legislature in January 2022 to get the ARC to respond. When they finally responded in February 2022, ARC confirmed that all complaints were to be reopened. Then a few weeks later the ARC tried to claim that nobody had ever said complaints would be reopened. Plaintiff then contacted the legislature again and ARC offered a different explanation based on information that had been shared with legislature but not ARC, marking 3 different story flip-flops and over more than a year of delays or retaliations against reinvestigations that ARC had been ordered to perform.


CLAIM SIX:  Malicious Abuse of Process, Retaliation

Supporting facts:

Boulder Internal Affairs refused to respond to requests for investigation in Jan 2021. Boulder City Manager blocked Plaintiffs phone from being able to call Police Oversight Commissioner as well. In April 2021 city manager finally unblocked Plaintiff's phone and POC finally responded to open an investigation of police. However, during that time, the officer who the initial complaint was about was made the Internal Affairs cop, and POC forced IA cop to take the complaint against himself. POC then lied and attempted to victim blame Plaintiff to dismiss complaints, however, there were documented conversations opposing POC's false claims and he eventually admitted it was not victim's fault.

Plaintiff tried to file follow up complaints in June and July 2021 but was once again not permitted to by POC and IA cop. IA cop deleted messages requesting further investigation from the IA reporting phone messaging system.

Police Oversight Panel then reviewed the investigation and said that there was a problem and it needed to be reinvestigated. Plaintiff was told that they would receive a response in writing from POP. POP never responded with the letter and Plaintiffs phone was once again blocked from calling city services.

CLAIM SEVEN:  Voter Fraud

Supporting facts:

On 15th October, 2020 a member of Boulder County Elections received a voter registration form and properly entered the information before sending it to ballot printing. Before the ballot was printed a member of the Secretary of State's office illegally wrote over the Boulder County data to have the ballot sent to the wrong address and prevent plaintiff from voting in a general election. It was targeted voter fraud / intentionally altering voter registration data in an illegal fashion to deny access to ballot, which violated common law tort, due process, and other rights.

CO SOS refused CORA requests and retaliated against Plaintiff with false claims of harassment and threats of false arrest. The majority of SOS elections division is involved and law requires that they be removed from office and barred from holding further office or state employment in order to secure future elections.

CLAIM EIGHT:  Abuse of Process

Supporting facts:

Plaintiff attempted to report the voter fraud to various authorities.

In May 2021, the FBI Denver had been contacted regarding the voter fraud. The duty agent in Denver wrongfully said that voter fraud was not a concern of the FBI. The duty agent also refused to give his name or identifying information.

In August 2021, the FBI national reporting center said that voter fraud was a very serious issue and that the FBI was very interested in investigating and prosecuting it as a crime. They then said that the case had to be offered to COAG first, and if COAG refused FBI would pick it up.

In September 2021, Plaintiff contacted Colorado Attorney General and asked for a voter fraud investigation. COAG refused to investigate and told Plaintiff to have a criminal defense public defender investigate. The public defender does not conduct such investigations and the COAG was aware of that.

In October 2021, FBI Denver said that the duty agent from May 2021 was wrong to say that it was not a concern of the FBI and that the duty agent is always required to identify themselves by name when asked. They promised a call back about an investigation and to provide further information about the May 2021 duty agent but never actually called back.

In February 2022, after contacting the CO legislature, COAG decided that they did in fact have jurisdiction to investigate and said that they take voter fraud very seriously.

In April 2022, COAG then refused to investigate due to the complaint being reported electronically, instead of through US Mail. The COAG website has instructions for submitting complaints electronically and list electronic reporting as the first and the preferred option. The use of electronic reporting is not a bar to investigation and the complaint was wrongly dismissed.


CLAIM NINE:  Identity theft abuse of process false arrest

Supporting facts:

Plaintiff authorized CDOC ID Bank to obtain a copy of Social Security card before Plaintiff's release from CDOC. CDOC took those completed forms and said that they would do so, but failed to do so.

After release, Plaintiffs parole officer threatened with revocation of parole for not having SS card. Plaintiff explained that they had filled out forms and turned in, but upon release was told that the SS card had not yet arrived and that parole officer was supposed to provide.

Parole officer then falsely arrested Plaintiff based off of an email from a Denver PD Detective (later investigation showed that there was no police report from detective and the arrest was false). While in jail on that false arrest, parole officer went and further abused the old expired forms to request a new SS card in an unauthorized fashion.

SSA provided documentation showing that CO CDOC ID Bank had never made the request (an illegal use of government forms), and that parole officer had abused those forms after the fact to make an unauthorized request to cover up the ID Bank's crimes.

CDOC refused to investigate either ID Bank or Parole officer. USAA, FBI, CO Attorney General, Boulder Police, and Boulder DA all refused to investigate CDOC, claiming that a class action was required for such an investigation. These parties were using this excuse of class action

to deny Plaintiff investigation of any claims (not limited to the identity theft), when Plaintiff brought information that this was a pattern and practice of CDOC which they did to all parolees so that parole could immediately threaten parolees with revocation immediately after release, all investigators said that they still would not investigate even though it was now a class action. This is a retaliatory pattern and practice and it is a set up for failure tactic, and the investigators refusing to investigate without a class action is also an illegal pattern and practice, and the investigators refusing to investigate CDOC after being show that CDOC was involved in a pattern and practice is an abuse of process.

CLAIM TEN: Destruction of State Records

Supporting facts:

Plaintiff requested documentation from CDOC and the CO Parole Board and the documents which Plaintiff requested as exculpatory evidence in his pending criminal case were illegally destroyed by the state. The documents requested were State Records and were required to be kept for perpetuity.

CLAIM ELEVEN: Other Rights violations

Supporting facts:

Plaintiff has been subjected to 8 years of false prosecution and destructions of evidence and perjuries, which is a cruel and unusual punishment. Plaintiff's attorneys told him that his previous documents were done correctly but judges and DA and police were knowingly and intentionally dismissing and violating rights and these rights violations were being done intentionally. Plaintiff now suffers from PTSD. Plaintiff has additional claims but suffers from sever emotional distress when having to write these claims out, it is exacerbated by plaintiff's receipt of abusive and retaliatory treatment by this court and other courts. Counsel should be appointed and an amended complaint should be allowed, pursuant to Plaintiffs ADA rights, the complexity of the issues and Plaintiff's need for assistance in preparing this complaint.

If an amended complaint is necessary before discovery then Plaintiff asks for assistance of counsel to assist in preparing as much as well as for making proper discovery as Plaintiff suffers from severe anxiety disorder and PTSD directly stemming from abuses by courts and government agencies acting under color of law.

Other rights violations including Altering of court documents by a court employee to deny access to courts, due process violations, habeas corpus violations, libel and slander, targeted voter fraud / intentionally altering voter registration data in an illegal fashion to deny access to

ballot, access to representation, destruction of state records, failure to provide oversight, false prosecutions, fabrications of evidence, perjury, falsification of evidence, cruel and unusual punishments, other rights violations, continuing rights violations, harassment, prosecutorial misconduct, judicial misconduct, police misconduct, retaliations against rights, conditions of confinement, malicious abuse of process, false light, misrepresentation of character, other civil rights violations and claims as well as previous claims and other civil rights violations as well.

Defendants have been actively working to cover up their illegal and tortuous acts and further harass Plaintiff.  Plaintiff's previous complaint should be reopened and allowed to proceed.

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Injunctive relief, restoration of rights, monetary damages, actual damages for injuries, punitive damages for rights violations, punitive damages for defamation per se, punitive damages for invasion of privacy, trespassing, harassment and other torts, other relief, assistance of counsel, reopening of previous complaints in this court.

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____/s/_____
 (Plaintiff's signature)


_____05/07/2022_____
 (Date)